IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

BIG GAIN WISCONSIN, LLC,

                Plaintiff,
    v.                                                ORDER

WESTVIEW, INC., WESTVIEW LLC, and          18-cv-473-jdp
DUANE VANDER VEEN,

                Defendants.
───────────────────────────────────────────────

Plaintiff Big Gain Wisconsin, LLC, brings breach of contract claims against defendants, who it alleges failed to pay for animal feed that Big Gain sold to them. Defendants have asserted nine affirmative defenses, which Big Gain has moved to strike under Federal Rule of Civil Procedure 12(f). Dkt. 14. Defendants have not filed a response brief by the extended deadline for doing so. In light of their failure to respond, the court will consider any counter-arguments to be waived and will grant Big Gain's motion to strike. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

However, in so doing, the court notes that several of the purported affirmative defenses defendants assert are not affirmative defenses at all, meaning that this order will not preclude defendants from raising them later in the litigation. For instance, defendants' first purported affirmative defense, "fail[ure] to state a claim . . . upon which relief can be granted," Dkt. 11, at 8, is actually just a general defense appropriately asserted under Rule 12. Similarly, defendants' fourth purported affirmative defense, "fail[ure] to join one or more indispensable parties," *id.*, is properly asserted under Rule 19 and need not be asserted as an affirmative

defense. This order is accordingly limited to striking those affirmative defenses cognizable under Rule 8 (such as failure of consideration, laches, unclean hands, and so forth).

ORDER

IT IS ORDERED that Plaintiff Big Gain Wisconsin, LLC's motion to strike defendants' affirmative defenses, Dkt. 14, is GRANTED and defendants' affirmative defenses are STRUCK.

Entered October 30, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge